IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | CASE NUMBER 6:14-CR-0057-RC |
| v. | § § § § | |
| CARLA DIANE SHILLINGS | § § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On May 12, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Carla Diane Shillings. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Theft and Conversion of Money of the Social Security Administration, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 10 and a criminal history category of II, was 8 to 14 months. On April 30, 2015, District Judge Michael Schneider sentenced Defendant to 4 months imprisonment subject to the standard conditions of release, plus special conditions to include 120 days home detention, a financial penalty, financial disclosure, no gambling, no new lines of credit, substance abuse treatment and mental health treatment. On August 28, 2015, Defendant completed the term of imprisonment and began her term of supervised release.

1

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol, purchase, use, or possession of controlled substances, and was required to participate in a program of testing and treatment for drug abuse. In its petition, the government alleges that Defendant violated her conditions of supervised release when she tested positive for cocaine on May 11, 2016, May 31, 2016, and October 14, 2016, and by failing to appear for random drug testing on September 26, 2016, January 9, 2017, and April 7, 2017. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession of the drug.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke the term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 6 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Carla Shillings be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be Bryan, Texas to facilitate family visitation and educational opportunities. The Court **FURTHER RECOMMENDS** drug treatment.

**So ORDERED and SIGNED this 12th day of May, 2017.**